UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLY CASSIDY,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　Case No.:  8:23-cv-2963-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Kelly Cassidy seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        **A.**    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

C.  **Procedural History**

Plaintiff applied for supplemental security income benefits on September 9, 2019, alleging disability beginning on January 1, 2019. (Tr. 98, 221-26).[1] The

---

[1] In the decision, the ALJ noted that supplemental security income is not payable prior to the

application was denied initially and on reconsideration. (Tr. 98, 127). Plaintiff requested a hearing, and on August 11, 2021, a hearing was held before Administrative Law Judge Donald Smith ("ALJ"). (Tr. 26-43). On September 7, 2021, the ALJ entered a decision finding Plaintiff not under a disability since September 9, 2019, the date the application was filed. (Tr. 10-19). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on January 19, 2022. (Tr. 1-5).

      Plaintiff appealed the final decision to the District Court. The Court reversed the decision and remanded the action on November 30, 2022, for further administrative proceedings, based on an unopposed motion for entry of judgment on remand. (Tr, 1353-54). Plaintiff filed a subsequent supplemental security income application on October 27, 2022, which was consolidated with this application. (Tr. 1278). The ALJ held another hearing on June 8, 2023. (Tr. 1302-24). On July 25, 2023, the ALJ entered a decision finding Plaintiff not under a disability since September 9, 2019, the date the application was filed. (Tr. 1278-89). Plaintiff filed a Complaint (Doc. 1) on December 26, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

---

month following the month in which the application was filed, citing 20 C.F.R. § 416.335. (Tr. 1279). Even so, the ALJ stated that he considered the complete medical history. (Tr. 1279).

### D. Summary of ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 9, 2019, the application date. (Tr. 1280). At step two, the ALJ found that Plaintiff had the following severe impairments: "fibromyalgia; valvular heart disease; gastroparesis/IBS/GERD; Tourette's syndrome; chronic fatigue syndrome; Ehlers-Danlos syndrome; migraines and anxiety." (Tr. 1281). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 1281).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently; she can stand/walk 6 hours per day; she can sit 6 hours per days; she can never climb ladders, ropes or scaffolds; she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, crawl; she can frequently handle, finger, and feel; she can perform work that does not require exposure to loud noise, temperature extremes, hazardous machinery, and heights; she can understand, remember, and carry out routine and repetitive instructions and tasks; she can perform work that does not require a specific production rate or pace, such as assembly lines; and she can maintain attention and concentration for 2 hours at a time, but does require the standard morning, lunch, and afternoon breaks.

(Tr. 1283).

At step four, the ALJ determined that Plaintiff had no past relevant work. (Tr. 1288). At step five, the ALJ found that considering Plaintiff's age (20 years old on the date the application was filed), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 1288). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1) Filter Assembler, DOT 739.687-026,[2] light, SVP 2,

(2) Final Inspector, DOT 727.687-054, light, SVP 2,

(3) Marker, DOT 209.587-034, light, SVP 2

(Tr. 1288). The ALJ concluded that Plaintiff had not been under a disability since September 9, 2019, the date the application was filed. (Tr. 1289).

## II.     Analysis

On appeal, Plaintiff raises three issues:

(1) Whether the ALJ properly considered the medical providers' opinions;

(2) Whether the ALJ properly considered the combination of impairments in assessing the RFC and in posing hypotheticals to the vocational expert; and

(3) Whether the ALJ properly considered Plaintiff's subjective complaint and third-party statements.

---

[2] DOT refers to the *Dictionary of Occupational Titles*.

(Doc, 20, p. 3). The Court begins with the second issue and specifically whether the ALJ properly considered Plaintiff's migraine headaches.

### A. Migraine Headaches

Plaintiff argues that the ALJ failed to consider the combination of Plaintiff's impairments in assessing the RFC and in posing a hypothetical to the vocational expert. (Doc. 20, p. 20). Plaintiff claims that along with other impairments, the ALJ failed to consider the limitations associated with Plaintiff's migraine headaches. (Doc. 20, p. 20-21). The Commissioner acknowledges that medical providers diagnosed Plaintiff with migraine headaches. (Doc. 26, p. 12). The Commissioner then states that Plaintiff acknowledged that Excedrin was helpful for migraine headaches and the ALJ stated that he evaluated Plaintiff's migraine headaches in accordance with SSR 19-4p. (Doc. 26, p. 12). These few mentions and conclusory statements are insufficient.

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc.*

*Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

In the decision, the ALJ found Plaintiff had a severe impairment of migraine headaches at step two. (Tr. 1281). The ALJ also found that this severe impairment, along with the other severe impairments, "significantly limit the ability to perform basic work activities as required by SSR 85-28." (Tr. 1281). Later in the decision, the ALJ acknowledged that medical providers' diagnosed Plaintiff with migraine headaches. (Tr. 1284). He also stated that Plaintiff "admitted Excedrin alleviated them, but then stopped taking the medication because she wanted to avoid caffeine." (Tr. 1284).[3] The ALJ further stated, Plaintiff's "migraines have been evaluated in accordance with SSR 19-4p." (Tr. 1284). Other than these references and one noting that Thuy Pham, M.D. treated Plaintiff for headaches, the ALJ did not mention migraines or headaches in the decision. (Tr. 1281, 1284-85).

Even though the ALJ found migraine headaches a severe impairment at step two, he failed to articulate what significant limitations to work activity were caused by this impairment, or if none, then he needed to state that this impairment was non-

---

[3] In reviewing the treatment note concerning migraine headaches, Alison Trembly, ARPN reported Plaintiff suffered from 15 to 20 headaches per month and that her headaches "responded well" to Excedrin Migraine, but did not state that this medication alleviated them. (Tr. 763-64).

severe. *Nance v. Comm'r of Soc. Sec.*, No. 8:20-cv-507-NPM, 2021 WL 4305093, at *5 (M.D. Fla. Sept. 22, 2021) (citing *Battles v. Colvin*, No. 8:15-cv-339-T-33TGW, 2016 WL 3360428, at *3 (M.D. Fla. May 20, 2016), *report and recommendation adopted sub nom. Battles v. Comm'r of Soc. Sec.*, No. 8:15-CV-339-T-33TGW, 2016 WL 3258423 (M.D. Fla. June 14, 2016). While the RFC has some limitations that could be attributed to migraine headaches – such as limiting exposure to loud noise – the ALJ did not link this or any other limitation to Plaintiff's complaints of migraine headaches. (Tr. 1283). Indeed, this limitation could also apply to one of Plaintiff's other impairments, such as anxiety. Nor did the ALJ address the possible limitations caused by the frequency, duration, and severity of the migraine headaches, even though Plaintiff testified to having ten or more migraines a month, causing her to have to go to bed, in a cold room, with no light, and no sound. (Tr. 1312-1313). While the ALJ found that medication helped with the pain and frequency, the ALJ did not explain how the many occurrences of migraine headaches per month would allow Plaintiff to perform full-time work without interruptions from this impairment. The ALJ cannot have it both ways. *Battles*, 2016 WL 3360428, at *3. In other words, he had articulate what significant limitations migraine headaches caused or, if none, then find this impairment was non-severe. *Battles*, 2016 WL 3360428, at *3.

The Court should not be left to speculate about the functional impact caused by a severe impairment, such as migraine headaches, and whether such impact was reflected in the RFC and later in the hypothetical to the vocational expert. *See Nance v. Comm'r of Soc. Sec.*, No. 8:20-cv-507-NPM, 2021 WL 4305093, at *5 (M.D. Fla. Sept. 22, 2021). Remand is warranted given the ALJ's failure to clearly articulate the exact limitations caused by Plaintiff's migraine headaches in her functional ability to work.

### B. Remaining Issue

Plaintiff also challenges whether the ALJ properly considered the opinion evidence and Plaintiff's subjective complaints. Rather than deciding these issues, because this action is remanded on other grounds that may affect the remaining issues, on remand, the Commissioner is directed to reconsider these issues as well.

### III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider functional limitations caused by Plaintiff's severe impairments, the opinion evidence, and Plaintiff's subjective complaints. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 4, 2025.

```
_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE
```

Copies furnished to:

Counsel of Record
Unrepresented Parties